

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

Jan. 28, 1947

Hon. S. B. Whittenburg, President
Board of Regents
Texas State College for Women
c/o Amarillo Times
Amarillo, Texas

Opinion No. V-54

Re: Local funds or institutional
receipts, expenditure of for
research purposes by Board
of Regents of Texas State
College for Women.

Dear Sir:

We acknowledge your letter of recent date wherein you request an opinion of this Department concerning the following submitted question:

"Does the Board of Regents of the Texas State College for Women have authority to authorize expenditure of its local or general funds for research purposes?"

Article 2654d, V.A.C.S., providing for the control of the type of funds in question by the governing board of State institutions of higher learning provides in part as follows:

"Sec. 1. The governing boards of . . . including . . . College of Industrial Arts . . . ., may retain control respectively of the following sums of money collected at each of said several institutions in carrying out the functions of an educational institution, such as funds collected from student fees of all kinds; charges for use of rooms and dormitories, receipts from meals, cafes and cafeterias, fees on deposit refundable to students under certain conditions; receipts from school athletic activities; income from student publications or other student activities; receipts from sale of publication products and miscellaneous supplies and equipment; students' voluntary deposit of money with said school for safekeeping; all other fees and local institutional income of a strictly local nature arising out of and by virtue of the educational activities or

research or demonstration carried out by each and
all of said several schools.

⁕ . . .

"Sec. 8a.  No part of any of these funds shall
ever be used to increase any salary beyond the sum
fixed by the Legislature in the appropriations bill,
and this law shall be subordinate and subservient to
the biennial appropriation bill for the support of the
several institutions herein mentioned."  (Underscor-
ing ours)

Under Article 2624, as amended by Acts 1945, 49th Leg-
islature, Ch. 156 and 171, pages 203 and 208, the name "College of
Industrial Arts" was changed to "Texas State College for Women."

Acts 1945, 49th Legislature, Ch. 377, Appropriations --
Educational Institutions, General Provisions, Subsection (3) at page
804, the Act appropriating institutional receipts, reads in part as
follows:

". . . and all proceeds . . . from fees and any
and all other receipts shall become and are hereby
appropriated as maintenance or contingent fund to
be expended under the direction and with the approv-
al of the governing board having jurisdiction.  Said
governing boards are authorized to use out of the
proceeds of said receipts and funds, in accordance
with the provisions of this Act, such amounts as
they shall deem necessary for the support, main-
tenance, operation and improvement of said insti-
tution.  Any balances remaining to the credit of any
of said institutional local funds at said institution or
in the State treasury at the end of any fiscal year
are hereby reappropriated for the above mentioned
purposes for the succeeding year."

The expenditure of local funds collected by institutions
of higher learning is controlled by the provisions of Article 2654d
and Subsection (3) of the General Provisions of the Appropriation
Bill, Ch. 377, Acts 1945, 49th Legislature.  Article 2654d, Section
1, providing that said governing boards may retain control of said
monies, and may use such amounts in carrying out the "functions
of an educational institution," also prohibits in Section 8a thereof,
their expenditure in any attempt to increase any salary beyond
the sum fixed by the Legislature.  Furthermore, under the provi-
sions of the General Appropriation Bill, Ch. 377, the said govern-
ing boards are authorized to use said funds as they shall deem

necessary only for the "support, maintenance, operation and improvement of said institutions." Thus, such control is made subservient to the will of the Legislature as expressed in its biennial appropriation bill, and the expenditure of local funds may only be made for the benefit of the respective institutions.

"Research" being the method commonly employed by modern universities, institutions of higher learning, and scientific foundations to increase the sum of human knowledge, we believe that research activity in State educational institutions of higher learning may be considered as one of the proper "functions of an educational institution" and within the contemplation of the phrase as used in Article 2654d, Section 1. Further, that an expenditure from the local funds of said institution of higher learning for research purposes is authorized under Chapter 377, Acts 1945, provided the expenditure is made for the benefit of the institution, and is deemed necessary by the respective governing board for the "operation and improvement" of said institution. However, the said local funds may not be used to supplement or increase any salary beyond the sum fixed by the Legislature in the Appropriation Bill.

In answer to your question, it is our opinion that under present existing law, the Board of Regents of Texas State College for Women has the authority to authorize expenditure of its local institutional funds for research purposes beneficial to the institution, the governing board deeming same necessary for the operation and improvement of the college, and provided the expenditure will not be used to increase any salary beyond a sum fixed by the Legislature.

## SUMMARY

The Board of Regents of Texas State College for Women has authority to expend its local institutional funds, as defined in Article 2654d, Section 1, V.A.C.S., for research purposes beneficial to the College, subject to the prohibition set out in Section 8a, Article 2654d, Acts 1933, 43rd Legislature, Ch. 221.

Yours very truly,
ATTORNEY GENERAL OF TEXAS

APPROVED
JAN 28, 1947

*Price Daniel*

ATTORNEY GENERAL
OF TEXAS

BY *Chester F. Ollison*

Chester E. Ollison
Assistant

CEO:djm:sl

APPROVED - OPINION COMMITTEE
BY - BWB - CHAIRMAN